## STANDARD OIL CO. v. HARLAN & SALTER BUS LINE, Inc.

### No. 5792.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 9, 1938.

H. W. Ayres, of Jonesboro, for appellant.

Wayne Stovall and W. T. Holloway, both of Jonesboro, for appellee.

TALIAFERRO, Judge.

Plaintiff sues on an open account of sales of gasoline, lubricants, etc., delivered to defendant during the months of April and September, 1932. The account discloses a balance due of $218.76, for which judgment is sought.

Defendant denies the correctness of the account and denies that it owes plaintiff any amount whatever, and couples with these denials the affirmative allegation that "it has long since" paid to plaintiff all that was due it. Defendant reconvened and sued on two separate and distinct items of indebtedness alleged to be due it. The first of these is for $180, claimed to be due as storage on a gasoline and oil tank of plaintiff from April 30, 1932, to April 30, 1935, 36 months at $5 per month. The second item is based upon an assignment of a claim asserted to have been due to R. T. Salter by plaintiff for $300. This claim, it is alleged, arose in this manner, viz., in the year 1923, Salter became plaintiff's bulk-sales agent in and about Jonesboro, Louisiana. He and defendant contend that as a concomitant of the agreement creating said agency, plaintiff through its agents obligated itself that when its said contractual relationship with Salter should be terminated, it would take over and pay to him the market or reasonable value thereof, all the equipment he would then have on hand necessary to the discharge of his duties as said sales agent; that the contract with Salter was terminated by plaintiff in April, 1932, at which time he owned two trucks which had been regularly employed in the performance of his duties to plaintiff, and which he valued at $700; that plaintiff would not purchase said trucks, as originally agreed, for their said value and thereby Salter was forced to retain them; and that after keeping the trucks for two or three years he sold them for $400, losing thereon $300.

The lower court awarded plaintiff judgment for $205.76 and rejected outright the reconventional demand for $180, and dismissed as in case of nonsuit the demand for $300. Defendant prosecutes this appeal.

Plaintiff has not answered the appeal, but its counsel in brief urges us to affirm the judgment in toto.

Defendant's vice-president, J. T. Salter, as a witness, admitted that the correct amount due on the account is $205.76. In view of this admission under oath and plaintiff's present position, we deem it unnecessary to consider and pass upon the contention of defendant's counsel that additional credit of a few dollars should be given it. The testimony offered by plaintiff is not competent to establish a greater amount due it.

The tank on which storage is sued for is of 405 gallons capacity. We infer that it was attached to one of Salter's trucks which was used to transport and

deliver plaintiff's products. After he had ceased to be sales-agent, the tank was removed from the truck and stored in defendant's building. Plaintiff's agent requested Salter, then a stockholder in and officer of the defendant company, to deliver it back to plaintiff or to one of its agents or representatives. Salter replied that he would not do so "until we (plaintiff) made a settlement on the purchase of the trucks". No demand for storage was mentioned to plaintiff nor its agents until this suit arose. Salter was under obligation to deliver the tank to plaintiff's agents when his contract with it terminated. He was without right to store it in his own company's building, refuse to make delivery thereof to plaintiff, and thereafter exact storage for keeping it. The trial judge correctly rejected this storage claim.

■ We do not think defendant's reconventional claim of $300 supported by evidence of sufficient probative weight to warrant a finding for it.

The district superintendent who closed the sales-agency agreement with Salter did not testify in the case. His successor over Salter's territory did give evidence. We are satisfied there was an original understanding with Salter that the equipment on hand when the relation between them was teminated would be taken over by plaintiff, but the exact conditions of such a transfer as regards price or value, how such were to be determined, or by whom in the event of disagreement, are left in doubt. Over nine years had elapsed and the contract not being in writing gives rise to differences and misunderstandings as are usual under such circumstances.

Considerable negotiations were had by and between Salter and plaintiff's representatives, after termination of their contract, for the purpose of closing a transfer of the trucks but no common ground could be reached. Salter wanted nearly twice as much for the trucks as the agents of plaintiff were willing to recommend. There was no stipulation originally for adjustment of differences of the kind through arbitration or otherwise, and resort thereto was not offered or suggested, so far as the record discloses. No testimony supporting Salter's opinion of the truck's value is offered save his own. After collapse of negotiations, he made no further efforts to enforce this phase of the agreement, made no tender of the trucks nor did he place them at plaintiff's disposal. On the contrary he continued to retain possession of them, evidently used them for two or three years, and finally sold them.

For the reasons herein assigned, the judgment appealed from in all its parts is hereby affirmed, with costs.